IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRADICO GRABSKI, aka John F. Grabski | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GERALD LOGAN | : | NO.  12-4978 |

**<u>MEMORANDUM AND ORDER</u>**

ELIZABETH T. HEY, U.S.M.J.                                                                          April 4, 2014

        In this Fourth Amendment case, the jury will have to determine whether the amount of force used by Defendant to arrest Plaintiff was reasonable.  To assist the jury's consideration of that issue, Plaintiff seeks to introduce Philadelphia Police Department Directive 22, which "outlines the proper use of force . . . which may be used by police as well as the required reporting of incidents in which officers are called upon to use less than deadly force."  Doc. 34-1 at 3 (ECF pagination).[1]  Defendant filed a motion in limine to preclude the introduction of this Directive, arguing that Plaintiff's failure to

---

[1] The Honorable Lawrence Stengel has discussed Directive 22 in a similar excessive force case.

> Directive 22 covers the general use of force.  Described as the "force continuum," the directive provides guidelines to help officers determine what level of force is necessary and appropriate for gaining control of suspects and stopping threatening actions. . . .  In other words, it teaches a logical progression through the stages of force.  When responding to the threat imposed by a subject, the officer must assess the situation and decide what force would be appropriate, which may consist of mere presence, verbal direction, various kinds of non-deadly force, or deadly force, if necessary.

Pelzer v. City of Philadelphia, 656 F. Supp.2d 517, 521 (E.D. Pa. 2009).

disclose his intent to use it will prejudice the defense, and that the Directive is irrelevant and therefore confusing to the jury's consideration of Plaintiff's constitutional claim. See Doc. 31. Plaintiff responds that Defendant had adequate notice of Plaintiff's intention to use the Directive and that the Directive is relevant to the issues in the case. See Doc. 34.

### A.   Notice

Defendant first contends that Plaintiff failed to include Directive 22 in his initial disclosures or any supplemental disclosures, and that allowing Plaintiff to utilize Directive 22 will prejudice the defense. The Federal Rules require that the parties exchange initial disclosures, including a copy or description of all documents that the party intends to use to support its claims. Fed. R. Civ. P. 26(a). The Rules also provide that a party who fails to make adequate initial disclosures or fails to supplement discovery responses will not be permitted to use the omitted evidence at trial unless it can show that its failure was substantially justified or that the failure was harmless. Fed. R. Civ. P. 37(c)(1). "[A] failure to disclose witness information is 'harmless' if the other party was well aware of the identity of the undisclosed witnesses and the scope of the relevant knowledge well before trial." Karakozova v. Trs. of Univ. of Pa., Civ. No. 09-2564, 2011 WL 1303128, at *1 (E.D. Pa. Mar. 24, 2011) (O'Neill, J.) (quoting Cobb v. Philadelphia Gas Works, Civ. No. 01-4937, 2004 WL 764783, at *4 (E.D. Pa. Mar. 31, 2004) (Surrick, J.)); see also Hadley v. Pfizer Inc., Civ. No. 08-1440, 2009 WL 1597952, at *3 (E.D. Pa. June 5, 2009) (Kauffman, J.) (finding plaintiff's failure to disclose witnesses harmless where plaintiff identified witnesses during discovery period).

Considering the nature and facts of the case and the discovery that has taken place, I find Defendant's argument that he will be prejudiced by the late disclosure of Directive 22 to be unavailing. First, the Directive at issue is a Philadelphia Police Department document. It was not in Plaintiff's sole possession and Defendant had access to it at any time. Second, Plaintiff's claim is one of excessive force. The fact that the police department has a policy specifically addressing that very issue should have alerted Defendant that the Directive might be relevant to this case. Most importantly, however, at Defendant's deposition on September 19, 2013, within the discovery period, Plaintiff's counsel questioned Defendant about the Directive at issue and the use-of-force report required to be filed pursuant to the Directive. Logan Dep. at 15-39, 49-51 (referring to Directive 22 as the Use-of-Force Continuum). Thus, Defendant cannot now claim surprise or prejudice based on the Plaintiff's use of Directive 22.

### B. Relevance/ Confusion

Defendant also argues that Directive 22 is not relevant to the issues in the case and, even if relevant, should be excluded because it would confuse the jury. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." F.R.E. 401. Defendant argues that the internal policies of the police department regarding the use of force are not relevant to the constitutional excessive force claim because the policies do not constitute law.

In determining whether Defendant's acts constituted excessive force, the jury will have to determine whether Defendant's actions were "objectively reasonable" in light of

3

the particular circumstances of this incident. Graham v. Conner, 490 U.S. 386, 396 (1989). Reasonableness is judged "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. Here, Defendant testified that he had been trained in the use of force and specifically referred to the Use-of-Force Continuum (Directive 22). Logan Dep. at 49-51. Thus, the Directive is relevant to determine how a reasonable officer would have responded to the facts and circumstances that Defendant faced.

> Here, evidence of the types of force available to law enforcement officers and their training on the subject is relevant to the Graham reasonableness inquiry. Specifically, such information is likely to assist the jury in determining how a reasonable officer might have acted in the situation at issue. The Constitution does not require a police officer to use the least harmful type of force available; only that the force actually used be objectively reasonable in light of the threat to officers and others. . . . Nevertheless, the force continuum and testimony about the types of force that officers are trained to use, are instructive to a jury's understanding of what is a reasonable response.

Davis v. Grynkewicz, Civ. No. 12-587, 2013 WL 2249294, at *3 (W.D. Pa. May 22, 2013) (internal citation omitted).

Defendant contends that admission of the Directive will serve to confuse the jury because violation of an internal policy does not constitute a violation of the Fourth Amendment. Doc. 31 at 4. Federal Rule of Evidence 403 allows the court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . misleading the jury." F.R.E. 403. I am mindful that testimony regarding Directive 22 has the potential to mislead the jury to equate local policy violations with constitutional

violations.  See McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009) (district court's exclusion of use of force directive was not an abuse of discretion). Therefore, I will instruct the jury that any testimony regarding Directive 22 is to be considered only as one piece of evidence in determining how a reasonable officer might respond in the circumstances presented in this case.  See Davis, 2013 WL 2249294, at *4 ("evidence of the force continuum and Act 120 training shall be admitted for the purpose of proving only how a reasonable officer might respond under the circumstances").[2]

    An appropriate Order follows.

---

[2]The parties are directed to discuss and submit (jointly if agreement can be reached) a proposed limiting instruction to be read to the jury at the time the Directive is introduced.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRADICO GRABSKI, aka John F. Grabski | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GERALD LOGAN | : | NO. 12-4978 |

## **O R D E R**

AND NOW, this 4th day of April, 2014, upon consideration of Defendant's Motion in Limine to Preclude the Introduction of Police Directive 22, the response, and for the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that the Motion is DENIED. Plaintiff is permitted to use the Directive in cross-examining the police witnesses. The jury will be given a limiting instruction regarding proper consideration of such testimony.

BY THE COURT:

/s/ELIZABETH T. HEY

_____
ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE