IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRADICO GRABSKI, aka John F.       :     CIVIL ACTION
Grabski
                                      :
                 v.                  :
                                        :
GERALD LOGAN                  :     NO.  12-4978

## **MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                       April 4, 2014

Defendant has filed a motion in limine to admit Plaintiff's prior criminal record in this civil rights/excessive force case.[1]  Defendant argues that Plaintiff's convictions for burglary and sexual assault are admissible to impeach his character for truthfulness and show Plaintiff's motive for resisting arrest.  See Doc. 32.  Plaintiff contends that the court should exclude Plaintiff's criminal record because Defendant has failed to provide any documentation to support Plaintiff's past criminal record and also argues that such admission would severely prejudice his case.  See Doc. 33.

Initially, I note that Defendant has not provided actual records of the convictions. Rather, Defendant has provided a two-page computer printout from a New Jersey court database.  See Doc. 35 at 9-10 (ECF pagination).  The first page shows 1) a sexual assault charge initiated on August 11, 1993, to which Plaintiff pled guilty and was sentenced on March 24, 1995, and 2) a burglary charge initiated on December 25, 1998, to which

---

[1]With the dismissal of Plaintiff's Monell claim and the City of Philadelphia as a defendant, only Plaintiff's Fourth Amendment excessive force claim against Officer Logan remains.

Plaintiff pled guilty and was sentenced on March 4, 1994.  The second page of the printout shows, somewhat confusingly, that Plaintiff was sentenced on March 24, 1995, for burglary, but with the case number identified in the sexual assault case, and that the sentence was fifteen years.  Plaintiff testified at his deposition that he served twelve years in prison from 1993 to 2004 on a conviction for sexual contact and burglary.  See id. at 7 (Grabski Dep. at 16-17).  Because Defendant has not obtained an actual record of the convictions, I infer that Defendant plans to use the fact of the convictions during cross-examination of Plaintiff and does not seek to introduce the convictions themselves.

Defendant seeks admission of Plaintiff's criminal record both to impeach his character for truthfulness pursuant to Federal Rule of Evidence 609 and to show Plaintiff's motive for resisting arrest pursuant to Federal Rule of Evidence 404(b)(2). Plaintiff contends that the convictions should be excluded pursuant to Federal Rule of Evidence 403 because admission of the convictions would unfairly prejudice Plaintiff.

A.    **Impeachment**

Subject to Rule 403, Rule 609(a)(1) requires admission of a criminal conviction to impeach a witness in a civil case if the crime was punishable by more than one year in prison, and Rule 609(a)(2) requires admission of a conviction for any crime if the court can readily determine that the crime was a dishonest act or false statement.  Rule 403 requires the court to exclude such evidence if "its probative value is substantially outweighed by a danger of . . .  unfair prejudice."[2]  The prejudice burden is reversed with

---

[2] The Third Circuit has explained that the court is to consider four factors against the potential for prejudice in the Rule 403 analysis:  (1) the nature of the conviction; (2)

respect to older convictions.  Specifically, with respect to a conviction for which the witness was released more than ten years ago, Rule 609(b) states that such conviction is admissible only if its probative value substantially outweighs its prejudicial effect.

It appears from the available evidence that Plaintiff was released in 2004 on a conviction for both sexual assault and burglary.  Without any information as to the date of his release in 2004, it is not clear whether Plaintiff was released more than ten years ago and thus whether the matter is governed by the prejudice analysis of Rule 403, or the prejudice analysis of Rule 609(b).  On the facts of this case, I do not find the distinction material, and would reach the same outcome under either analysis.

With respect to Plaintiff's sexual assault conviction, Defendant argues that the conviction is "especially probative of Plaintiff's truthfulness because Plaintiff lied about the charge being reduced to 'sexual contact' in his deposition."  See Doc. 35 at 2.  I disagree.  Without evidence of the actual conviction, there is insufficient foundation for the inference Defendant would have the jury draw.  More to the point, the risk of prejudice considering the nature of the crime substantially outweighs its probative value.

With respect to the burglary conviction, this offense falls under Rule 609(a)(2) as a crime of dishonesty.  It is clearly relevant to Plaintiff's credibility, and even under the stricter standard of Rule 609(b), its probative value substantially outweighs its prejudicial effect.  See Pa. Trust Co. v. Dorel Juvenile Group, Inc., 851 F. Supp.2d 831, 845 (E.D.

---

the time elapsed since the conviction; (3) the importance of the witness's testimony to the case; and (4) the importance of credibility to the claim at hand.  Sharif v. Picone, 740 F.3d 263, 272 (3d Cir. 2014) (citing United States v. Greenridge, 495 F.3d 85, 97 (3d Cir. 2007)).

Pa. 2011) (burglary is crimen falsi implicating character for truthfulness); <u>DelGrosso v.</u> <u>City of Philadelphia</u>, Civ. No. 09-1000, 2010 WL 3384822, at *1 (E.D. Pa. Aug. 20, 2010) (allowing burglary, receipt of stolen property and theft by deception convictions to challenge character for truthfulness but rejecting use of simple assault conviction); <u>United States v. Slade</u>, Cr. No. 12-367, 2013 WL 5873576, at *5 (E.D. Pa. Nov. 1, 2013) (Surrick, J.) (access device fraud conviction slightly more than ten years old admissible under 609(b)) (citing <u>United States v. Pritchard</u>, 973 F.2d 905, 909 (11th Cir. 1992) (affirming admission of 13-year old burglary conviction under Rule 609(b)) . Plaintiff's credibility will be an essential component of his case because the case will, in all likelihood, turn on the jury's acceptance or rejection of Plaintiff's rendition of the facts. An appropriate limiting instruction will be fashioned to safeguard against any improper inference based on the prior conviction.

### 2.   **Motive**

Defendant also seeks the admission of Plaintiff's criminal convictions to show motive pursuant to Rule 404(b).  Because the jury will be asked to decide whether Defendant's actions were objectively reasonable under the circumstances, the jury will necessarily have to consider whether Plaintiff resisted arrest in determining the reasonableness of the force used to effectuate that arrest.  Defendant argues that Plaintiff's two prior felony convictions, subjecting him to heightened penalties under Pennsylvania's Three Strikes Law if he were convicted of another crime, provided a motive for him to resist arrest.  <u>See</u> Doc. 32 at 5.  On this point, Defendant's argument is too tenuous.  Defendant's argument presupposes that Plaintiff knew that Pennsylvania

4

had a Three Strikes Law, and that Plaintiff would have concluded that the purchase of a small amount of marijuana would subject him to its penalties.  Because it is unlikely that Plaintiff contemplated Pennsylvania's Three Strikes Law when he was arrested for having purchased a small amount of marijuana, I reject Defendant's argument and will limit admission of the prior burglary conviction to its impeachment purpose.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRADICO GRABSKI, a/k/a "John F.         :        CIVIL ACTION
Grabski
                                         :
                v.                       :
                                         :
GERALD LOGAN                             :        NO.  12-4978

## **O R D E R**

AND NOW, this  4th   day of April, 2014, upon consideration of Defendant's

Motion in Limine to Admit Plaintiff's Criminal Record, the response, reply, and for the

reasons stated in the accompanying memorandum, IT IS HEREBY ORDERED that the

Motion is GRANTED IN PART and DENIED IN PART.  Defendant may impeach

Plaintiff with his burglary conviction, but Defendant may not refer to Plaintiff's sexual

assault conviction.

                        BY THE COURT:

                        /s/ELIZABETH T. HEY

                        _____

                        ELIZABETH T. HEY
                        UNITED STATES MAGISTRATE JUDGE